**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

GLENDA K. BROOKS,  Case No. 1:12-cv-382

        Plaintiff,  Weber, J.

v.  Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

**REPORT AND RECOMMENDATION**

On May 16, 2012, Plaintiff tendered a *pro se* complaint in this court seeking to appeal a decision of the Commissioner of Social Security under the Social Security Act. Plaintiff's motion to proceed *in forma pauperis* was granted and, on August 22, 2012, the Commissioner filed and served its answer and a certified copy of the administrative record.[1] Plaintiff failed to file a timely Statement of Errors in compliance with Cincinnati General Order 12-01.

Although Plaintiff currently proceeds *pro se*, the administrative record reflects that Plaintiff was previously represented by counsel from October 28, 2008 through the date of two administrative hearings before two different Administrative Law Judges,[2]

---

[1] Much of the procedural background of this case was stated in the Court's last order, but is repeated verbatim herein for the convenience of this Court.

[2] A second hearing was convened before a new ALJ after Plaintiff submitted additional evidence following her first hearing.

conducted in July and October 2010. Plaintiff's former attorney filed a Notice of Appeal to the Appeals Council, which apparently denied further review, leaving the ALJ's decision as the Commissioner's last decision.

Plaintiff has not sought the appointment of new counsel in this Court. Plaintiff's one-page complaint indicates only that she seeks to appeal the denial of benefits; the grounds for that appeal are not stated.

Plaintiff's original DIB and SSI applications reflect that she originally sought a determination of disability based primarily upon her mental impairment of depression, although she also alleged and was found to have physical impairments. The ALJ determined that Plaintiff suffers from "mild cervical and lumbar spine degenerative disc disease, hypertension, left shoulder pain, depression, and [a] history of drug and alcohol abuse." (Tr. 12). However, the ALJ determined that Plaintiff remained capable of a range of light work, restricted further by several non-exertional limitations. (Tr. 15). After hearing testimony from a vocational expert, the ALJ determined that Plaintiff was not under a disability, because she remained capable of performing her past relevant work as a "pricer." (Tr. 19).

In recognition of Plaintiff's *pro se* status in this Court, on December 11, 2012, the Court instructed Plaintiff to file her overdue Statement of Errors on or before January 11, 2013. (Doc. 10). In the same Order, Plaintiff was advised of her obligation to keep this Court apprised of her current address, and that her failure to do so could result in dismissal of her lawsuit for failure to prosecute. The record reflects an acknowledgment of service of that Order via certified mail, on December 21, 2012. (Doc. 11).

On January 9, 2013, the Clerk of Court received a letter ostensibly signed by Plaintiff but bearing no case caption, which states in full: "Dear Magistrate Judges, I don't know what to do. I just have to go to jail or what other punishment. I don't know what to do." The undersigned instructed the Clerk to file the correspondence in the above-captioned record. The Court inferred that the letter was in response to the Court's December 11th Order, rather than an attempt to file new litigation, based upon the fact that Plaintiff has no other pending cases in this Court, and the timing of receipt of the correspondence.

The Court attempted to further advise Plaintiff that her letter did not comply with her obligation to prosecute this case:

> Regardless of Plaintiff's intention, Plaintiff's letter fails to comply with the Court's last Order. While some latitude may be extended to pro se litigants "when dealing with sophisticated legal issues...there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). In order to pay heed to a defendant's right to fair and timely resolution of litigation, *pro se* litigants should not "be accorded special consideration" when they fail to adhere to readily-comprehended court deadlines. *See id.*, 951 F.2d at 110.
>
> Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss any case for "failure of the plaintiff to prosecute or to comply with the rules or order of the court...." Unless the court orders otherwise, a dismissal for failure to prosecute pursuant to Rule 41(b) is an adjudication on the merits that is to be given preclusive effect, barring subsequent actions based on the same allegations. *See Bragg v. Flint Bd of Educ.*, 570 F.3d 775 (6th Cir. 2009).

(Doc. 12). Accordingly, the Court again ordered Plaintiff to file her statement of errors, this time warning her that she was required to "**SHOW CAUSE**, in writing on or before

3

**February 4, 2013**, why her appeal should not be **dismissed** for lack of prosecution" and that a "[f]ailure to timely comply with this Order will result in a Report and Recommendation to the District Judge that this case be dismissed." The Court reiterated to Plaintiff that if she "wishes to continue the prosecution of her social security appeal, she also must file, on or before **February 4, 2013**, a written Statement of Errors that explains why she thinks this Court should reverse the Commissioner's determination that she is not disabled." (*Id.*).

Plaintiff has failed to respond to the Court's last Order. In addition, the record reflects that the Court's attempt to send that Order by certified mail to Plaintiff at her listed address was returned as unclaimed. As stated, Plaintiff was previously advised (and received via certified mail) that her case could be dismissed for failure to prosecute if she failed to keep the Court apprised of her current address. (Doc. 10). In light of the fact that Plaintiff has repeatedly failed to comply with the Orders of this Court, by failing to file a timely Statement of Errors, failing to "show cause" for her failure to prosecute, and failing to keep the Court advised of her current address, **IT IS RECOMMENDED THAT** this case be **DISMISSED FOR FAILURE TO PROSECUTE**, stricken from the active docket, and closed.

                                                      *s/ Stephanie K. Bowman*
                                                      Stephanie K. Bowman
                                                      United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

GLENDA K. BROOKS,    Case No. 1:12-cv-382

       Plaintiff,    Weber, J.
v.    Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).